IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARIETTA SPIRES, *on behalf of D.D.*, | ) | |
| | ) | CASE NO. 1:15CV1096 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL, | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

*Pro se* Plaintiff Sharietta Spires ("Spires" or "Plaintiff"), on behalf of D.D., seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). Doc. 1.  The Commissioner filed a Motion to Dismiss, pursuant to Fed. R. Civ. Pro. 12(b)(6), arguing that Plaintiff's Complaint is time-barred.  Doc. 10-1.  Because the Commissioner submitted matters outside the pleadings with her Motion, the Commissioner also moved for Summary Judgment pursuant to Fed. R. Civ. Pro. 56.  Doc. 10-1, p. 4.

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b).  In light of the material outside the pleadings that was presented by the Commissioner, the undersigned issued an Order advising the parties that it intended to treat the Commissioner's Motion as one for Summary Judgment and instructing them to file any additional material they wished to submit for the Court's consideration.  Doc. 14.  The parties did not submit additional material and the time for doing so has passed.

For the reasons explained below, the undersigned recommends that the Commissioner's Motion for Summary Judgment be **GRANTED**.

## I. Background

On September 10, 2013, an administrative law judge ("ALJ") denied Plaintiff's application for SSI under Title XVI of the Social Security Act.  Doc. 10-2, pp. 4-17.  Plaintiff requested review of the ALJ's decision by the Appeals Council and, on March 25, 2015, the Appeals Council denied Plaintiff's request for review.  Doc. 10-3, p. 3.  The Appeals Council also informed her that (1) she has a right to commence a civil action; (2) such action must be brought within sixty days beginning the day after she receives the letter from the Appeals Council; and (3) the Administration assumes that Plaintiff received her letter five days after the date appearing on the letter unless Plaintiff demonstrates otherwise.  Doc. 10-3, p. 3.  Plaintiff filed her Complaint on June 1, 2015.  Doc. 1.

## II. Legal Standard

Section 205(g) of the Social Security Act sets forth the time limitation for commencing a civil action:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).  The implementing regulations further provide, "the date of receipt of notice ... of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  *Id.* at 435-436 (quoting 20 C.F.R. § 422.210(c)).  In other words, a claimant must commence her civil action sixty-five days after the date of the Appeals Council's notice.

A claimant may be entitled to equitable tolling of the limitations period.  *Id*. at 437.  In

making this determination, a court considers

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

### III. Analysis

Spires does not dispute that, on March 25, 2015, the Appeals Council denied her request

for review.  Thus, the 60-day statutory period began to run five days later, on March 30, 2015,

and expired on Friday, May 29, 2015.  *See* 20 CFR § 422.210(c) (statutory period begins to run

five days after the date of the Appeals Council's decision).  Spires filed her Complaint on

Monday, June 1, 2015, three days after the limitations period expired.  *See* Doc. 1 (signed, dated

and filed June 1, 2015).  Her Complaint, therefore, is three days late.

Spires has not demonstrated that she is entitled to equitable tolling.  She does not dispute

that she timely received notice of the Appeals Council's decision and that she was aware of the

60-day filing requirement.  She does not explain why she waited so long to file her Complaint.

*See Kellum v. Comm'r of Soc. Sec.*, 295 Fed. App'x 47, 50 (6th Cir. 2008) (claimant was not

entitled to equitable tolling; late filing was caused by events within the control of claimant,

including "his decision to wait until the last possible day to file his complaint.").  In her

opposition brief, Spires explains that she called the Social Security Administration "to see if I

had enough time, and they told me I did, excluding the holiday [and] weekends."[1]  Doc. 11.

Spires does not state *when* she contacted the Administration.  If she called the Administration on

---

[1]  Both Fed. R. App. Pro. 26(a)(3) and Fed. R. Civ. Pro. 6(a)(1)  provide that, if the final day of a specified filing period falls on a weekend or holiday, the claimant has until the next business day to timely file.  Because the final day of the limitations period in this case fell on a Friday, Spires' Complaint was due that day.

June 1, 2015, the day she filed her complaint, she cannot be said to have relied on the Administration's advice to her detriment because the 60-day period had already expired by that time.

Even if Spires had contacted the Administration prior to the expiration of the statutory period (which she does not assert), claimed (and undocumented) reliance upon the erroneous advice of an unnamed representative of the Administration does not entitle Spires to equitable tolling.[2]  *See White v. Comm'r of Soc. Sec.*, 83 Fed. App'x 70, 72 (6th Cir. 2003) (plaintiff's claim that she was misled by the Social Security Administration was insufficient to demonstrate equitable tolling).  As the Sixth Circuit explained,

> "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*; cf. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.

*Jurado v. Burt*, 337 F.3d 638, 642-643 (6th Cir. 2003).  *See also Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("ignorance of the law alone is not sufficient to warrant equitable tolling.");

*Burton v. Comm'r of Soc. Sec.*, 2011 WL 3862346, at *2 (E.D.Mich. Feb. 25, 2011) (plaintiff not entitled to equitable tolling when he "simply miscalculated the deadline or otherwise failed to assure that his pleading was filed on time").

---

[2]  In *Rhodes v. Comm'r of Soc. Sec.*, 2010 WL 3168247, at *3-4 (E.D.Mich., Aug. 10, 2010), the court found that the plaintiff was entitled to equitable tolling when she (1) presented sufficient evidence to rebut the presumption that she received the Appeals Council's notice *and* (2) she provided a letter from a Social Security Administration employee, who stated that he accidentally misinformed the plaintiff of her filing deadline after she contacted him while still "entirely unaware of the filing deadline or the steps that she was required to undertake in order to file a complaint." Neither circumstance is present in this case.

Finally, the Commissioner would be prejudiced by the late filing:

> Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.

See *Cook*, 480 F.3d at 437 (affirming district court's dismissal of the plaintiff's complaint, filed

one day late, because complaint was filed outside the time period prescribed by the regulations);

*Schwiemann v. Comm'r of Soc. Sec.*, 2015 WL 1930431, at *1 (N.D.Ohio April 28, 2015)

(claimant filed her complaint one day late; defendant's motion to dismiss granted).  Because

Spires filed her Complaint after the time limitations provided had expired and she is not entitled

to equitable tolling, the Commissioner is entitled to summary judgment.

### III. Conclusion

For the reasons explained above, the undersigned recommends that summary judgment

be entered in favor of Commissioner; accordingly, the Commissioner's Motion should be

**GRANTED** insofar as the Commissioner moved for Summary Judgment pursuant to Fed. R.

Civ. P. 56 (Doc. 10-1, p. 4).

Dated:  November 2, 2015

_____
Kathleen B. Burke
United States Magistrate Judge

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986)